

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | 1:21CR75-1 |
| NICHOLAS LAMAR LAWS | : | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant NICHOLAS LAMAR LAWS resided in Durham, North Carolina, within the Middle District of North Carolina.

2. Beginning on at least January 15, 2014, continuing through at least February 1, 2019, LAWS was the office manager for the Winston-Salem office of Company A, a tax return preparation business. There, LAWS prepared tax returns for clients. LAWS also hired other contractors, trained them, reviewed the tax returns they prepared for clients, and filed the returns on behalf of the clients.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4. A Schedule C ("Sole Proprietorship") was an IRS Form attached to a Form 1040 when applicable and must be used by taxpayers to report the gross receipts, expenses, and profit or loss from a business operated by the taxpayer as a sole proprietorship.

5. The Earned Income Tax Credit ("EITC") was a refundable tax credit for working people who earned low to moderate incomes. The amount of the EITC available per taxpayer was based on the taxpayer's income, filing status, and number of claimed dependents. Because the EITC was a refundable credit, it could reduce the taxpayer's federal tax liability below zero in certain circumstances, thereby entitling the taxpayer to a tax refund.

6. A Preparer Tax Identification Number ("PTIN") was a number that the IRS assigned to tax return preparers who were paid to assist in the preparation of tax return for clients. LAWS applied for and received a PTIN ending in 6918 from the IRS.

7. In 2017, the IRS assessed a $37,875 penalty against LAWS for preparing tax returns that claimed the EITC without properly documenting the clients' income and qualifications for the EITC.

8. The IRS also assessed a $1,100 penalty against LAWS for failing to properly identify himself with his PTIN on tax returns he prepared.

2

Case 3:21-mj-00055-DSC   Document 1   Filed 02/25/21   Page 2 of 9
Case 1:21-cr-00075-UA *SEALED*   Document 1   Filed 02/23/21   Page 2 of 9

## COUNTS ONE THROUGH THIRTEEN
(Aiding or Assisting in the Filing of False Tax Returns – 2014 through 2018)

9. The Grand Jury incorporates by reference herein all the information contained in Paragraphs 1 through 8 of the Introductory Allegations as if fully set forth herein, and further alleges that:

10. From at least January 13, 2015, continuing through at least February 1, 2019, LAWS fraudulently inflated his clients' tax refunds by, among other things, claiming false Schedule C business income. LAWS used the false Schedules C to fraudulently inflate his clients' EITCs.

11. LAWS prepared an office worksheet entitled "SCH C EARNED INCOME DUE DILIGENCE" for each of his clients that itemized false Schedule C business income, without first discussing and reviewing that information with his clients. LAWS directed his clients to have the worksheet notarized.

12. LAWS charged clients higher fees for tax returns that included a Schedule C.

13. Even after the IRS assessed the penalties against LAWS, he continued to prepare false tax returns claiming the EITC and, at times, concealed his role in the preparation of the returns by using PTINs that were

3

assigned to other individuals.

14. On or about the dates set forth below, in the Middle District of North Carolina, and elsewhere, NICHOLAS LAMAR LAWS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of false U.S. Individual Income Tax Returns, Forms 1040, along with the accompanying schedules, for the taxpayers and calendar years identified below which NICHOLAS LAMAR LAWS did not believe to be true and correct as to every material matter. The returns reported the false material items identified below, among others:

| Count | Taxpayer Initials | Tax Year | Approximate Filing Date | Listed Preparer and PTIN | False Material Items | False Items as Reported |
|---|---|---|---|---|---|---|
| 1 | B.B. | 2017 | 3/23/18 | LAWS *6918 | Business income or (loss) (Line 12) | $11,870 |
| | | | | | Schedule C, Gross receipts or sales (Line 1) | $12,250 |
| 2 | B.B. | 2018 | 2/1/19 | LAWS *5321 | Schedule 1, Business income or (loss) (Line 12) | $15,094 |
| | | | | | Schedule C, Gross receipts or sales (Line 1) | $15,344 |

4

| Count | Taxpayer Initials | Tax Year | Approximate Filing Date | Listed Preparer and PTIN | False Material Items | False Items as Reported |
|---|---|---|---|---|---|---|
| 3 | P.C. | 2017 | 4/11/18 | Y.P. *5321 | Business income or (loss) (Line 12) | $8,230 |
| | | | | | Schedule C, Gross receipts or sales (Line 1) | $8,580 |
| 4 | Y.G. | 2015 | 1/26/16 | LAWS *6919 | Business income or (loss) (Line 12) | $5,017 |
| | | | | | Schedule C-EZ, Gross receipts (Line 1) | $5,105 |
| 5 | N.K. | 2015 | 1/20/16 | LAWS *6919 | Business income or (loss) (Line 12) | $1,552 |
| | | | | | Schedule C-EZ, Gross receipts (Line 1) | $1,650 |
| 6 | N.K. | 2016 | 1/20/17 | C.S. *4443 | Business income or (loss) (Line 12) | $10,282 |
| | | | | | Schedule C, Gross receipts or sales (Line 1) | $10,580 |
| 7 | N.K. | 2017 | 1/30/18 | Y.P. *5321 | Business income or (loss) (Line 12) | $16,220 |
| | | | | | Schedule C, Gross receipts or sales (Line 1) | $16,550 |

| Count | Taxpayer Initials | Tax Year | Approximate Filing Date | Listed Preparer and PTIN | False Material Items | False Items as Reported |
|---|---|---|---|---|---|---|
| 8 | N.K. | 2018 | 1/10/19 | LAWS *5321 | Schedule 1, Business income or (loss) (Line 12) | $13,670 |
|   |      |      |         |            | Schedule C, Gross receipts or sales (Line 1) | $14,000 |
| 9 | L.L. | 2017 | 1/25/18 | D.B. *5305 | Business income or (loss) (Line 12) | $4,025 |
|   |      |      |         |            | Schedule C, Gross receipts or sales (Line 1) | $4,200 |
| 10 | S.S. | 2014 | 1/13/15 | LAWS *6919 | Business income or (loss) (Line 12) | $5,329 |
|    |      |      |         |            | Schedule C-EZ, Gross receipts (Line 1) | $5,450 |
| 11 | S.S. | 2015 | 1/27/16 | C.S. *4443 | Business income or (loss) (Line 12) | $4,830 |
|    |      |      |         |            | Schedule C-EZ, Gross receipts (Line 1) | $5,944 |

6

Case 3:21-mj-00055-DSC   Document 1   Filed 02/25/21   Page 6 of 9
Case 1:21-cr-00075-UA *SEALED*   Document 1   Filed 02/23/21   Page 6 of 9

| Count | Taxpayer Initials | Tax Year | Approximate Filing Date | Listed Preparer and PTIN | False Material Items | False Items as Reported |
|---|---|---|---|---|---|---|
| 12 | K.W. | 2016 | 1/30/17 | P.S. *2811 | Business income or (loss) (Line 12) | $4,932 |
|  |  |  |  |  | Schedule C, Gross receipts or sales (Line 1) | $4,942 |
| 13 | K.W. | 2017 | 1/29/18 | Y.P. *5321 | Business income or (loss) (Line 12) | $9,450 |
|  |  |  |  |  | Schedule C, Gross receipts or sales (Line 1) | $9,550 |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT FOURTEEN
(Filing a False Tax Return – 2014)

15. The Grand Jury incorporates by reference herein all the information contained in Paragraphs 1 through 8 of the Introductory Allegations as if fully set forth herein, and further alleges that:

16. On or about March 4, 2015, in the Middle District of North Carolina, NICHOLAS LAMAR LAWS did willfully make and subscribe with the IRS, a false 2014 Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which NICHOLAS LAMAR LAWS did not believe to be true and

7

correct as to every material matter, which included the following false statements, among others: (1) $102,421 "Wages, salaries, tips, etc." (Line 7); (2) ($18,647) "total income" (Line 22); and (3) $18,863 "Federal income tax withheld from Forms W-2 and 1099" (Line 64).

In violation of Title 26, United States Code, Section 7206(1).

## COUNTS FIFTEEN THROUGH NINETEEN
### (Failure to File a Tax Return – 2015 through 2019)

17. The Grand Jury incorporates by reference herein all the information contained in Paragraphs 1 through 8 of the Introductory Allegations as if fully set forth herein, and further alleges that:

18. During each of the calendar years set forth below, NICHOLAS LAMAR LAWS had and received gross income in excess of the minimum filing requirements, as listed below. By reason of such gross income, he was required by law, following the close of the calendar year and on or before the filing deadlines set forth below, to make an income tax return to any proper officer of the IRS, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all the foregoing, NICHOLAS LAMAR LAWS did willfully fail, on or about the filing deadlines listed below, in the Middle District of North Carolina, and elsewhere, to make an income tax return:

8

| Count | Calendar Year | Minimum Filing Requirement | Approximate Filing Deadline |
|---|---|---|---|
| 15 | 2015 | $10,300 | April 18, 2016 |
| 16 | 2016 | $10,350 | April 18, 2017 |
| 17 | 2017 | $10,400 | October 15, 2018 |
| 18 | 2018 | $12,000 | April 15, 2019 |
| 19 | 2019 | $12,200 | July 15, 2020 |

All in violation of Title 26, United States Code, Section 7203.

DATED: February 22, 2021

MATTHEW G.T. MARTIN
United States Attorney

BY: CLIFTON T. BARRETT
Assistant United States Attorney

BY: BRIAN E. FLANAGAN
Trial Attorney, Tax Division

BY: KEVIN SCHNEIDER
Trial Attorney, Tax Division

A TRUE BILL:

FOREPERSON

9

Case 3:21-mj-00055-DSC   Document 1   Filed 02/25/21   Page 9 of 9
Case 1:21-cr-00075-UA *SEALED*   Document 1   Filed 02/23/21   Page 9 of 9